**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Marilyn Mesa,

Plaintiff,

v.

City of Mesa, et al.,

Defendants.

No. CV-26-06099-PHX-KML

**ORDER**

Plaintiff Marilyn Mesa alleges she refused "to engage with unsolicited recruitment efforts and anonymous gift subscriptions sent to her residence by undisclosed third-party entities." (Doc. 1-2 at 10.) Immediately after that, unidentified individuals or entities began a campaign of "overt, high-level aerial surveillance and electronic interference centered at [Mesa's] residence." (Doc. 1-2 at 10.) Mesa alleges "[t]here are no authorized flights for commercial airlines around [her] location," but after she rejected the recruitment and gift subscriptions, "aircraft engage in persistent, circling, non-transit loitering or unlawful surveillance." (Doc. 1-2 at 11.) These aircraft are engaged in "Intelligence, Surveillance, and Reconnaissance operational tactics." (Doc. 1-2 at 11.) That activity has resulted in Mesa suffering "second-degree radiation burns, neurological injuries, and dental damage." (Doc. 1-2 at 5.) The original complaint alleged the surveillance and harmful exposure violated both the Arizona and United States constitutions. (Doc. 1-2 at 50.)

Mesa filed her complaint in state court against the unidentified operators of the aircraft and the City of Mesa ("the City"). Although not entirely clear, Mesa appeared to

allege the City refused to investigate her complaints regarding aircraft activity. In Mesa's view, the City "systematically prioritized administrative obstruction over the investigation of the severe criminal injuries" caused by the aircraft. (Doc. 1-2 at 28.) The City removed the case to federal court based on federal question jurisdiction. (Doc. 1.)

After the court denied Mesa's request for emergency injunctive relief (Doc. 6), as well as her request to remand the case to state court (Doc. 8), the City filed a motion to dismiss. That motion argues, among other points, that Mesa's claims are "based on fantastic or delusional scenarios." (Doc. 9 at 3.) Mesa filed a response to that motion and a motion to amend her complaint. (Docs. 19, 20.)

In opposing the motion to dismiss, Mesa argues her claims do not qualify as fantastic or delusional because of the evidence she has gathered. As for the motion to amend, Mesa seeks to remove references to federal law, but the factual allegations involve the same behavior. That is, the proposed amended complaint is still based on aerial surveillance and radiation aimed at Mesa's home, and the City's alleged cooperation and assistance in those activities. (Doc. 19-1.)

A court may dismiss a frivolous complaint for lack of jurisdiction. *Tr. v. Am. Honda Fin. Corp.*, No. 2:16-cv-1237-ODW-SS, 2016 WL 756461, at *2 (C.D. Cal. Feb. 25, 2016). A complaint qualifies as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). There is no arguable basis when the facts alleged "are fanciful, fantastic and delusional." *Frost v. Office of Attorney Gen.*, No. 17-cv-04983-JSW, 2018 WL 6704137, at *1 (N.D. Cal. Dec. 20, 2018) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Mesa's allegations involving constant aerial surveillance and irradiation of her home after she refused "recruitment efforts and anonymous gift subscriptions" qualify as fantastic or delusional. The amended complaint contains the same factual allegations, so granting leave to amend would be futile.

**IT IS ORDERED** the Motion to Dismiss (Doc. 9) is **GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** the Motion for Extension of Time (Doc. 14) is **GRANTED**. The court has reviewed the opposition to the motion to dismiss filed at Doc. 20.

**IT IS FURTHER ORDERED** the Motion to Allow Electronic Filing (Doc. 18) and Motion to Amend (Doc. 19) are **DENIED**.

Dated this 8th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**